UNITED STATES of America,
Plaintiff–Appellee,

v.

Gustavo GONZALEZ–SALINAS,
Defendant–Appellant.

No. 10–15328
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 13, 2011.

Anne R. Schultz, Wifredo A. Ferrer, U.S. Attorney, Kathleen M. Salyer, U.S. Attorney's Office, Miami, FL, Carmen M. Lineberger, U.S. Attorney's Office, Fort Pierce, FL, for Plaintiff–Appellee.

Fletcher Peacock, Federal Public Defender's Office, Fort Pierce, FL, Kathleen M. Williams, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Gustavo Gonzalez–Salinas appeals his 57–month sentence after pleading guilty to illegally re-entering the United States, in violation of 8 U.S.C. § 1326(a). On appeal, Gonzalez–Salinas asserts that the district court erred by applying a 16–level enhancement under U.S.S.G. § 2L1.2(b)(i)(A)(ii) on the ground that his prior Florida conviction for aggravated assault was a "crime of violence." It is undisputed, however, that Gonzalez–Sali-nas did not raise his arguments supporting that assertion below. We therefore review them for plain error. *United States v. Pantle*, 637 F.3d 1172, 1174 (11th Cir. 2011). And, applying that standard of review, we conclude that Gonzalez–Salinas is not entitled to relief. This is so because, even assuming *arguendo* that the district court erred by applying the enhancement, any such error was not plain, for there is no precedent from either this Court or the Supreme Court directly resolving the issue or Gonzalez–Salinas' arguments. *See United States v. Lejarde–Rada*, 319 F.3d 1288, 1291 (11th Cir.2003). Accordingly, we affirm.

**AFFIRMED.**